EAGLE STAR & BRITISH DOMINIONS INSURANCE CO., LTD., v. DICKS

———

(March 21, 1932. Opinion and Decree.)

———

M. C. Scharff, of New Orleans, attorney for plaintiff, appellant.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit to recover damages to an automobile alleged to

have resulted from a collision with the defendant's car. The petition alleges that the plaintiff is an insurance company and issued a policy to Jules Godchaux to indemnify him against loss for damages to his automobile; that the Godchaux automobile was damaged in a collision with the car of the defendant and that the plaintiff paid Mr. Godchaux the sum of $115.76 covering the damages; that under a clause in the policy plaintiff was subrogated to the rights of the insured; that on February 23, 1929, at about 11:30 a. m., the Godchaux automobile was being driven up St. Charles avenue; that there were two automobiles in front of it going in the same direction and that, upon reaching General Taylor street, the lady driving the first car suddenly and without any warning turned to her right and then sharply to her left, crossing the neutral ground and then went out General Taylor street towards the river; that the Godchaux car was being operated at a moderate and lawful rate of speed and came to a stop without striking the car in front of it; that before coming to a stop the chauffeur gave the proper signal that he was going to stop, but that defendant's automobile, driven by his chauffeur, ran into the rear of the Godchaux car, causing the damages complained of; that defendant's driver was guilty of negligence in operating his automobile at an excessive rate of speed, in failing to keep a proper lookout, and in not having his automobile under proper control so as to be able to bring it to a stop.

Defendant admitted the collision, but denied that his employee was in any way at fault and averred that the accident was caused by the Godchaux car suddenly and without warning coming to a stop, so that it was necessary for all automobiles following it to come to an emergency stop; that as defendant's car came to a stop the car following it struck or ran into the rear of the defendant's car, catapulting it into the rear of the Godchaux car.

There was judgment dismissing the suit and the plaintiff has appealed.

The only witnesses for the plaintiff were the chauffeur, who drove, and the mechanic, who repaired, the Godchaux car. The chauffeur of defendant and the mechanic who repaired the defendant's car were the sole witnesses in defendant's behalf. Both drivers say that there was a line of cars going up St. Charles avenue at the time alleged and that the front car, driven by a lady, suddenly and without warning pulled across the path of the oncoming traffic, requiring all automobiles to the rear to come to a sudden stop; that the automobiles were going about 20 or 25 miles an hour at the time; that the Godchaux car succeeded in stopping within one foot of the machine in front of it, but that the defendant's car struck the rear of the Godchaux car, causing the damages complained of. The mechanic who repaired the Godchaux car testified as to the damages to its rear and the mechanic who repaired the defendant's car testified as to the damages to its front and rear.

Counsel for plaintiff contends that as the defendant admits that his car struck the Godchaux car from the rear that the doctrine of res ipsa loquitur applies and defendant has the burden of exculpating himself from fault.

Conceding that this statement is sound, a view most favorable to the plaintiff, but without expressing any opinion on that point, we now proceed to examine the defendant's evidence tending to establish his defense. The defendant's driver testified that his automobile was struck from the rear by a car which was following it, caus-

ing him to lose control of it and run into the rear end of the Godchaux car; that he had all but come to a stop at the time of the collision and would have had sufficient distance within which to stop, had he not been bumped, because he was traveling 20 to 25 feet to the rear of the Godchaux car. The mechanic who repaired defendant's car testified to extensive damages to its rear end, which physical fact tends to corroborate defendant's chauffeur's testimony. This evidence is not impeached or contradicted and, under the circumstances, we shall accept it as true, particularly since the trial court believed it. We find that the defendant's driver was free from fault.

For the reasons assigned the judgment appealed from is affirmed.